IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Joe Hand Promotions, Inc.,

    Plaintiff,

v.

Marx Garcia-Nunez, et al.

    Defendants.

Case No. 6:18-cv-01452-MC

OPINION AND ORDER

MCSHANE, Judge:

Plaintiff Joe Hand Promotions, Inc. moves this Court for a default judgment and damages pursuant to Fed. R. Civ. P. 55(b)(2). Pl.'s Mot. 1–2, ECF No. 14. For the reasons set forth below, Plaintiff's Motion for Default Judgment, ECF No. 14, is GRANTED.

## BACKGROUND

Plaintiff brought this action against Defendants Marx Garcia-Nunez and La Roquita Mexican Restaurant, Inc.—operating as La Rockita—on August 7, 2018. Pl.'s Compl. 1–2, ECF No. 1. Plaintiff alleges that Garcia-Nunez, by himself or through his employees, directed or permitted La Rockita to intercept, broadcast, and/or publish the Mayweather v. McGregor Match (the "Broadcast") on August 26, 2017. *Id.* at 3–4. Plaintiff had exclusive distribution and public performance rights for the Broadcast and entered into sublicensing agreements with various entities in the State of Oregon allowing them to publicly exhibit the Broadcast. *Id.* at 4–5. Defendants did not enter into such an agreement. *See id.* at 7. Plaintiff alleges that Defendants willingly and unlawfully intercepted, received, and exhibited the program in violation of Title 47 U.S.C. § 605, *et seq.* and 47 17 U.S.C. § 504, *et seq. Id.* at 7–8.

Plaintiff seeks $10,000 in statutory damages under § 605(e)(3)(C)(i)(II), $25,000 in enhanced statutory damages under § 605(e)(3)(C)(ii), $10,000 in statutory damages under § 504(c)(1), $30,000 in enhanced statutory damages under § 504(c)(2), and $3,972.50 in attorney's fees and costs under 47 U.S.C. § 605(e)(3)(B)(iii) and 17 U.S.C. § 505. Pl's Mot. 2.

Plaintiff effectuated service on Defendants on August 31, 2018. ECF Nos. 10 and 11. Plaintiff then filed and served on Defendants a Motion for Entry of Default on February 5, 2019. ECF No. 12. This Court granted Plaintiff's Motion on March 19, 2019. ECF No. 13. Defendants have not filed any responsive pleadings or notice of intent to appear. Plaintiff filed the instant Motion for Default Judgment on April 19, 2019. ECF No. 14.

## STANDARDS

A defendant must file a responsive pleading within 21 days of being served, or within 60 days if the defendant has timely waived service. Fed. R. Civ. P. 12(a)(1). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

After entering an order of default, the district court has discretion to issue a default judgment. *See* Fed. R. Civ. P. 55(b); *DirecTV, Inc. v. Huynh*, 503 F.3d 847, 852 (9th Cir. 2007), *cert. denied*, 555 U.S. 937 (2008). This Court has "considerable leeway as to what it may require as a prerequisite to the entry of a default judgment." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987) (per curiam) (footnote omitted). This Court may take the complaint's well-pleaded factual allegations as true, other than the amount of damages. *Id.* at 917–18 (citation omitted); *Huynh*, 503 F.3d at 854 (citations omitted); *see also* Fed. R. Civ. P. 8(b)(6). "However, a 'defendant is not held to admit facts that are not well-pleaded or to admit

conclusions of law.'" *Huynh*, 503 F.3d at 854 (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

## DISCUSSION

### I. Entry of Default Judgment

In considering an entry of default judgment, this Court examines the seven *Eitel* factors:

(1) [T]he possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (citation omitted).

First, the refusal to grant a default judgment would be prejudicial to Plaintiff. *See Eitel*, 782 F.2d at 1471. If this Court does not enter a default judgment in Plaintiff's favor, Plaintiff has no other recourse for recovery.

To satisfy factors two and three, Plaintiff must state a valid claim in a well-pleaded complaint. *See Eitel*, 782 F.2d at 1471. To establish a claim of unlawful interception of a satellite program, Plaintiff must demonstrate that it has a proprietary interest in the program and that Defendants unlawfully intercepted, received, published, displayed, and/or exhibited it without Plaintiff's authorization. *J & J Sports Prods., Inc. v. Segura*, No. 4:17-cv-05335-YGR, 2018 WL 1868271, at *3 (N.D. Cal. Apr. 19, 2018), *report and recommendation adopted*, No. 17-CV-05335-YGR, 2018 WL 2445293 (N.D. Cal. May 31, 2018); *see* § 605(a). Plaintiff need not show direct evidence that signal piracy occurred; circumstantial evidence is sufficient. *Id.* (citing *DirecTV, Inc. v. Webb*, 545 F.3d 837, 844 (9th Cir. 2008)).

Here, Plaintiff alleges that it had exclusive nationwide commercial distribution rights to the Broadcast and that Garcia-Nunez—himself or through his employees—unlawfully

intercepted and broadcasted the program at his establishment. Pl.'s Compl. 3–4. Because Defendants advertised that they would be displaying the Broadcast, Plaintiff surmises that an unlawful interception occurred *See id.* at 6. Taking these allegations as true, Plaintiff has sufficiently stated a claim under §§ 553 and 605.

Regarding the fourth factor, there is up to $75,000 plus attorney's fees and costs at stake in this action. *See* Pl.'s Mot. 2, ECF No. 14. With respect to the fifth factor, there is no apparent material dispute of fact. Regarding the sixth factor, Defendants have not provided any explanation constituting excusable neglect. And lastly, although policy favors decisions on the merits, Defendants' failure to respond or appear has made such a decision impossible.

Therefore, the *Eitel* factors support an entry of default judgment.

## II. Damages

Because the Court accepts as true all allegations in the complaint except those related to the amount of damages, Plaintiff must prove the amount of damages sought in this action. *See Heidenthal*, 826 F.2d at 917–18; *see also* Fed. R. Civ. P. 8(b)(6).

## A. Statutory Damages Under § 605

Plaintiff seeks $10,000 in statutory damages under § 605(e)(3)(C)(i)(II).[1] Pl.'s Mot. 2. Section 605(e)(3)(C)(i)(II) allows statutory damages for each violation of § 605(a) in the amount of $1,000 to $10,000. In *Joe Hand Promotions, Inc. v. Chavez*, the court based an award of statutory damages on the cost that the defendant would have incurred by legally sublicensing the program. No. 6:17-cv-01596-JR, 2018 WL 3129319, at *2 (D. Or. June 25, 2018). Here, Plaintiff fails to specify what the sublicensing fee for the Broadcast would have been. Because courts

---

[1] Plaintiff's Complaint mentions §§ 553 and 605, but Plaintiff's Motion only seeks damages under § 605. Pl.'s Compl. 5-9; Pl.'s Mot. 2. A number of circuits have held that the two statutes are mutually exclusive, and where the method of interception is unknown, courts generally conduct their analyses under § 553. *J & J Sports Prods, v. Silva*, No. 3:17-cv-00681-MO, 2017 WL 5632659, at *2–3, n.1 (D. Or. Nov. 20, 2017). This Court defers to Plaintiff.

have awarded $3,000 in statutory damages based on the sublicensing fees in similar cases involving similar programs, this Court will award the same. *See J & J Sports Prods, Inc. v. Chavez*, No. 6:17-cv-01596-JR, 2018 WL 3129319, at *3 (D. Or. June 25, 2018) (awarding $3,000 in statutory damages based on a $3,000 sublicensing fee where plaintiff sought $10,000 in statutory damages); *see also J & J Sports Prods, Inc. v. Silva*, No. 3:17-cv-00681-MO, 2017 WL 5632659, at *5 (D. Or. Nov. 20, 2017) (awarding the same).

### **B. Enhanced Statutory Damages Under § 605**

Plaintiff also seeks $25,000 in enhanced statutory damages under § 605(e)(3)(C)(ii). Pl's Mot. 2. Section 605(e)(3)(C)(ii) allows courts to award up to an additional $100,000 for each violation of § 605(a) that was "committed willfully and for purposes of direct and indirect commercial advantage or private financial gain." Some courts use a multiplier to determine enhanced statutory damages based on the underlying statutory damages award. In *Segura*, for example, the court used a three times multiplier where defendant, a repeat violator, displayed a program on two screens before approximately thirty patrons. 2018 WL 1868271, at *6. Similarly, the court in *J & J Sports Prods., Inc. v. Chauca* used a three times multiplier where defendants broadcast a program on three televisions, imposed a cover charge, and advertised the showing of the program. No. CV 14-6891, 2015 WL 7568389, at *8–10 (E.D. Pa. Nov. 25, 2015).

There are no set factors the Court must consider in determining enhanced damages. The court in *Chavez*, for example, considered whether plaintiff suffered significant actual damages and whether defendants repeatedly violated the statute, made substantial monetary gains, advertised for the intended broadcast of the event, or charged a cover charge or premiums for food and drink. 2018 WL 3129319, at *2 (citing *Joe Hand Promotions, Inc. v. Gonzales*, 2015

WL 507397, at *4 (E.D. Cal. 2015)). In *Chavez*, there was no evidence of prior violations, significant earnings by defendants, or a cover charge, but plaintiff suffered significant damages, and defendants charged a premium for food and drink. 2018 WL 3129319, at *2. Accordingly, the court rejected plaintiff's request for $20,000 and awarded $5,000 in enhanced statutory damages against each defendant for a total of $10,000. *Id.* at *3.

Here, Defendants do not appear to be repeat violators. Plaintiff has submitted no evidence regarding the number of screens Defendants displayed the Broadcast on, whether they charged a cover or premiums on food and drink, or how many patrons were present. Plaintiff has also failed to specify the cost for Defendants to legally sublicense the program, as discussed above. Defendants, however, advertised on Facebook that they would display the Broadcast. *See* Pl.'s Compl. 6. Advertising in and of itself is sufficient to merit a $10,000 award for enhanced damages. *J & J Sports Prods, Inc. v. Miramontes*, No. cv-10-02345-PHX-FJM, 2011 WL 892350, at *2 (D. Az. Mar. 14, 2011); *Silva*, 2017 WL 5632659, at *5. Because other factors are not present here, the Court declines to award Plaintiff $25,000 in enhanced statutory damages. The Court instead awards Plaintiff $10,000 due to Defendants' advertisement.

## C. § 504 Damages

Plaintiff also requests a combined $40,000 in statutory and enhanced damages under 17 U.S.C. § 504 for alleged violations of 17 U.S.C. § 501. Plaintiff primarily premises this on Defendant's failure to pay the appropriate sublicensing fee. Pl.'s Compl. 10. It would be duplicative and excessive to award Plaintiff damages under § 504 in addition to statutory and enhanced statutory damages under § 605 for the same underlying conduct. *See California v. Intelligender, LLC*, 771 F.3d 1169, 1179 (9th Cir. 2014) (quoting *EEOC v. Wafflehouse, Inc.*,

534 U.S. 279, 297 (2002)) (explaining that "courts can and should preclude double recovery.").
Therefore, Plaintiff's request for damages under § 504 is denied.

**D. Attorney's Fees and Costs**

Lastly, Plaintiff requests attorney's fees and costs. Pl.'s Mot. 2. Section 605(e)(3)(B)(iii) allows the Court to award full costs, including reasonable attorney's fees, to the prevailing party. Plaintiff has not yet submitted its full motion for costs. However, this Court will grant Plaintiff reasonable attorney's fees and costs upon a full motion.

## CONCLUSION

For the above reasons, Plaintiff's Motion for Default Judgment and attorney's fees and costs, ECF No. 14, is GRANTED. Plaintiff is entitled to:

 a. $3,000 in statutory damages;

 b. $10,000 in enhanced statutory damages; and

 c. Attorney's fees and costs, as the Court deems appropriate.

IT IS SO ORDERED.

DATED this __11th__ day of June, 2019.

                                                                    __s/Michael J. McShane_____
                                                                              **Michael J. McShane
                                                                        United States District Judge**